(Decided July 8th, 1865.)

---

HELEN BRUCE and others, *vs.* THOMAS L. LEVERING and others.

PLEADING IN EQUITY: EQUITABLE LIEN: DECREE FOR SALE OF MORTGAGED PROPERTY, AT THE INSTANCE OF EXECUTING CREDITOR.—L. having obtained a judgment against D. C. B., and caused an execution to be issued thereon, which was levied on certain personalty, H. B. and C. B., to whom said personalty had been previously mortgaged by said D. C. B., who was their guardian to secure a balance due them on his accounts as

Bruce, *et al.*, *vs.* Levering, *et al.*

guardian, filed a bill for an injunction to restrain the sale under the execution. L. answered the bill, alleging simply that by virtue of his execution levied upon said property, he became entitled to a decree for its sale, and praying for such decree. It was in evidence that the property was not sufficient to pay the mortgage debts. The Court below granted the injunction, and afterwards continued the same by final decree, but decreed a sale of the property. On appeal by the mortgagees,—HELD:

1st. That L. having no where alleged that his debtor had no other property, and that the property in question was more than sufficient to pay the mortgage debt, the Court below could not assume that a sale by decree would be of any advantage, or serve any useful purpose; and that on those grounds alone could a decree have been granted.

2nd. That the lien acquired by L., by the levy of the execution, gave him a right to proceed in a Court of Equity, but for a single purpose, and that was to obtain payment of his debt, after satisfying the prior mortgage claims.

3rd. The assertion of the lien for the sole purpose of compelling a settlement between his debtor and the mortgagees, is, on its face, nothing more than a mischievous intermeddling with the affairs and property of third parties.

4th. That if the amount of the mortgage debt, or value of the property, had been in doubt, upon sufficient allegations in the answer, a sale might have been decreed, as the only practicable way of determining whether it was or was not sufficient to satisfy any part of the claim of L., but the contrary being the case, the decree for sale should have been refused.

APPEAL from the Circuit Court of Baltimore city.

This was a bill in equity, filed on the 12th December 1862, by the appellants, against the appellee, Levering, for an injunction restraining the said appellee and the Sheriff from proceeding to sell certain property of Daniel C. Bruce, levied on under a judgment obtained by said appellee against said Bruce, the appellants claiming to have been prior mortgagees of the same property. The case is fully stated in the opinion of this Court.

The cause was argued before BOWIE, C. J., and BARTOL, GOLDSBOROUGH, COCHRAN and WEISEL, J.

*Wm. Daniel,* for the appellants, argued:

1st. That the writing referred to in the record as exhibit A, is a *bona fide* bill of sale, in due form, and conveyed all

37     v.23.

the interest of the grantor in the servants and the several articles therein mentioned, to the grantees.

2nd. Admitting the said bill of sale to be a mortgage, the appellees have no interest therein, and, therefore, no right to ask the aid of a Court of Equity, as it is clearly proved there is not enough to pay the appellants' claim, and, therefore, no equity of redemption. *Harris & Chauncy, &c., vs. Alcock*, 10 *G. & J.*, 226. *Furlong & Miller, vs. Edwards*, 3 *Md. Rep.*, 110. It is no where alleged by the appellees, that there is a sufficiency or more than a sufficiency to pay the claims of the appellants. *Rose & Gauss, vs. Bevan, et al.*, 10 *Md. Rep.*, 466.

3rd. The holder of an equitable title has a right to file a bill to compel the conveyance of the legal title upon paying off the incumbrance. *Smith vs. Orton*, 21 *How.*, 241.

4th. Against the legal title, Courts will interfere with great reluctance. *Furlong & Miller, vs. Edwards*, 3 *Md. Rep.*, 112. *Speights vs. Peters.* 9 *Gill*, 472. *Williams vs. Wilson*, 1 *Bland*, 422.

5th. When a defendant, in a Court of Law, applies for relief to a Court of Chancery, it is competent for the Court to decide facts, or send them to a jury, &c. *Key vs. Knott*, 9 *G. & J.*, 342.

6th. The title to personal property becomes absolute in the mortgagee upon failure of the mortgagor to comply with the condition of the mortgage. *Brown vs. Brement*, 8 *Johns.*, (*N. Y.*,) 96. *Patahin vs. Pierce*, 12 *Wend.*, 61. *Dane vs. Mallory*, 16 *Barb.*, 53 and 61. *Evans & Iglehart, vs. Merriken*, 8 *G. & J.*, 39. 1 *Powell on Mortgages*, 3.

*O. Miller* and *Robert C. Barry*, for the appellee, argued:

1st. That the instrument of the 1st of November 1861, is a mortgage, and will be so treated in a Court of Equity. The grantor could undoubtedly have so treated it, and by paying the debt which it was given to secure, have redeemed his property; and, if so, he cannot deprive his creditors of the right so to treat it by any subsequent act, or by any

election on his part to consider it an absolute conveyance. *Dougherty vs. McColgan*, 6 *G. & J.*, 281. 1 *Md. Ch. Dec.*, 178 and 536. 2 *Id.*, 430. 3 *Id.*, 521.

2nd. A judgment creditor has the undoubted right to levy his execution upon the mortgaged property of his debtor, and then apply to a Court of Equity for a sale, making the mortgagees parties to the proceeding. He has the right to have the property sold, and its value tested in this way, so that if it should sell for more than sufficient to pay the mortgage debt, the residue may be applied to his claim. *Griffith vs. Frederick County Bank*, 6 *G. & J.*, 424. *Harris vs. Alcock*, 10 *G. & J.*, 252.

3rd. The exceptions of the appellee to the evidence were well taken, and for the reasons assigned in the exceptions themselves.

COCHRAN, J., delivered the opinion of this Court:

The facts, upon which the questions in this case depend, are these: An execution, issued on a judgment obtained by Levering, one of the appellees, against Daniel C. Bruce, was levied on certain chattels and household stuff previously conveyed or mortgaged by him to the appellants, who thereupon filed their bill, and obtained an injunction restraining Levering from selling this property under his execution. Levering answered this bill, denying that the appellants had shown a proper case for an injunction, and insisting that he was entitled to a sale of the property, without, however, alleging that his debtor had no other assets, or that the property levied on was more than sufficient to satisfy the appellant's just claims; and then prayed the Court to decree a sale, and dissolve the injunction. This response to the bill was followed by a motion to dissolve, and an agreement, that certain exhibits, filed by the appellants, to show the consideration for which the conveyance from Bruce to them was executed, should be read in evidence upon the hearing thereof, "but not at the final hearing, except proved in the regular way." This motion appears

to have been neither heard nor disposed of until it was overruled by the final decree continuing the injunction. The depositions of Daniel C. Bruce, William M. Woods, and John H. Lloyd, were also taken under another agreement, that they should be read upon the final hearing "as if regularly taken under a commission, and with the same effect, and subject to like exceptions." Other depositions were taken and filed by the appellants, but, for reasons apparent upon the face of the record, we shall exclude them from consideration in disposing of the appeal. Upon these proceedings and evidence, the decree, continuing the injunction, and appointing a trustee to sell the property in question, was passed; and, in reviewing that decree, we must bear in mind that the proceedings, although instituted by the appellants, to prevent the appellee from selling under his execution, was, nevertheless, so far modified by his prayer for a decree to sell, and the evidence subsequently offered, as to take the character of proceedings commenced by himself for that purpose. The complainants below, notwithstanding the decree affords the specific relief sought by the bill, took this appeal upon the alleged ground, that the proceedings and proof were not sufficient to authorise the Court to decree a sale; and we shall therefore review the evidence, as well as the answer of the appellee, for the purpose of ascertaining whether such a case was presented as will sustain the decree. We may concede, without however ever so deciding, that the conveyance from Bruce to the appellants was intended to operate as a mortgage. This accords with the theory of the appellee, and will afford him the relief sought by his prayer for a decree to sell, if his case, in other material particulars, is sufficiently made out by proper averments and proof. It was agreed that certain exhibits should be read in evidence upon the motion to dissolve, and that motion, as we have already stated, was still pending at the time of the final hearing. Whether these exhibits were evidence which the Court could consider when the case was finally heard, need not now be decided,

Bruce, *et al.*, *vs.* Levering, *et al.*

as the evidence, taken under the second agreement, is sufficient for our present purpose. By the last agreement, the depositions of Bruce, Woods and Lloyd, were to be read in evidence at the final hearing, with the same effect as if regularly taken under a commission; and we find by inspection, that Bruce was first examined by the appellee, in regard to one of the exhibits filed under the first agreement, as evidence to be read on the motion to dissolve. In the course of this examination, he proved that the paper marked K, a part of the exhibit referred to, purporting to be a copy of his account as guardian of Kate Bruce, duly certified by the Register of Wills for Allegany county, was a correct statement of the amount due from him to his ward; and, upon examination by the appellants, that the same amount was due to Helen from him upon a like account, making an aggregate debt due from him to them of $1,066.82; that he had paid no part of the sum thus shown to be due, and that he executed this mortgage to secure its payment to them. It will be seen, from this review of Bruce's testimony, that a paper filed under the first agreement, but not admissible as evidence at the final hearing, was called for by the appellee. It is true that this witness was examined upon what is stated to be cross-interrogatories, but as they were in reference to a paper not then offered by the appellants, and, by the first agreement, not admissible in evidence at the final hearing, we must treat him as a witness produced by the appellee, and as one to whose competency he was not afterwards at liberty to object. Woods and Lloyd were both competent witnesses, and, although their testimony was excepted to with that of Bruce, we think it is entirely free from objection. They prove that they saw and appraised the mortgaged property on which the appellee levied his execution, including two negro slaves, valued at $180, and that they found its aggregate value to be $961. In disposing of the case, we must notice the fact, that the slaves have since become free by the Constitution recently adopted, and that this amount must be reduced by the

amount of their value, thus leaving $781, as the value of the property actually subject to the mortgage. This proof shows that the consideration for the mortgage was true and *bona fide*, as therein stated, and that the principal debt of $1,066.82, which it was intended to secure, with interest thereon from the 1st of November 1861, still remains due and unpaid; and thus the whole value of the property covered by the mortgage is $781.

The appellee insists that, by levying his execution on this property, he became entitled to a decree for its sale. The first material objection to this proposition, is founded on the want of the averments necessary to authorize such a decree. The appellee has no where alleged that his debtor has no other property, nor has he alleged that the property is more than sufficient to satisfy the appellants' claims; and without these allegations the Court could not assume that a sale by decree would be of any advantage, or serve any useful purpose. It is true that a judgment creditor, who has issued and levied his execution on personal property previously mortgaged, may proceed in equity to redeem the mortgage, but it does not follow that the creditor would, in all cases, acquire such an interest as would authorize a decree to sell. Here the appellee simply asserts that he has levied his execution, and without alleging that a sale would be of any service or advantage to him, claims a decree for a sale as a matter of right; his theory being that his levy entitled him to a sale of the property, without regard to the question as to whether it was or was not more than sufficient to satisfy the prior claims of the appellants. The legal title being in them, his remedy was necessarily by a proceeding in equity; and to show such an interest as would give him a standing in equity, it was necessary to aver that his debtor had no other property, and that it was more than sufficient to pay the appellants' debt; for on that ground, alone, should a sale have been decreed.

The lien, acquired by the levy of the execution, gave him a right to proceed in a Court of Equity, but for a single

purpose, and that was to obtain payment of his debt, after satisfying the prior mortgage claims. The assertion of the lien for the sole purpose of compelling a settlement between his debtor and the mortgagees, is, on its face, nothing more than a mischievous intermeddling with the affairs and property of third parties; and it is for this reason that he should have disclosed an equitable right in himself to a sale of the property, by some averment that it was sufficient to pay his debt, or some part of it, after satisfying the mortgage claims, and that his debtor had no other property against which he could proceed. These averments were held to be material in the case of *Gauss vs. Bevan*, 10 *Md. Rep.*, 466; and, for reasons somewhat stronger than appeared there, we think the appellee should have made them here.

If his debtor had other property sufficient to satisfy his judgment, it is clear that this proceeding was unnecessary, if not mischievous; and if the property levied on was not sufficient to satisfy the mortgage debt, it is equally clear that he acquired no such interest as would authorize the Court to decree a sale in his behalf. But the case, as presented by the record, stands on a much stronger ground. The parties, without regarding the substantial defects in the formal part of the proceedings, offered evidence upon which the right of the appellee to a sale of the property might have been finally adjudicated. The proof, as we have seen, shows conclusively that the mortgaged property was not sufficient to satisfy the mortgage debt, and we think the Court below should have so determined. If the evidence had been such as to have left the Court in doubt in regard to the value of the property, or amount of the debt it was mortgaged to secure, a sale might have been decreed, as the only practicable way of determining whether it was sufficient to satisfy any part of the appellee's claim. But that was not the case here, for it clearly appears that the property levied on was wholly inadequate to pay the prior mortgage debt, and, as a matter of course, that the appel-

lee could gain no benefit by a sale of it. The case of *Harris vs. Alcock*, 10 *G. & J.*, 226, is an authority for refusing to decree a sale in such a case.

The injunction was properly continued, but we think there was error in directing a sale, and to that extent will reverse the decree of the Court below, with costs to the appellants.

*Decree affirmed in part, and in part reversed.*

(Decided July 8th, 1865.)