JAMES J. BOWIE, Executor of CATHARINE BOWIE
*vs.* ELIZABETH M. GHISELIN.  SAME *vs.* SAME.

*Jurisdiction of Orphans' Courts—Powers and Liabili-
ties of Executors—Code, Art. 93, sec. 237.*

The Orphans' Courts of this State are tribunals of special and limited
jurisdiction, deriving their powers from statutory provisions.

Until a Court of law shall have definitively pronounced on the validity of
the claim of a creditor, the Orphans' Court has no power, against the
protestation of the administrator, to decree its payment.

The jurisdiction to ascertain the validity and amount of claims due to
creditors by deceased persons, belongs exclusively to the Courts of law
and equity.  The only powers conferred·upon the Orphans' Courts in
regard to such claims, are to pass them, and authorize and approve their
payment when exhibited with proper vouchers and proofs.

The passing of such a claim is not conclusive on the executor.  He may,
at his own option, contest it, and compel the claimant to resort to a
Court of law to enforce payment; nor can the Orphans' Court restrain
him from so doing.  The restraint upon executors in such cases, is their
personal liabilty for the costs of the contest under Art. 93, sec. 105, of
the Code.

By Art. 93, sec. 237, of the Code, the Orphans' Court is authorized to
order an executor to bring money into Court, or to invest it under the
direction of the Court; but this statute gives no authority to the Court
to order an executor to pay a claim against his testator, or to bring the
money into Court to be paid to the claimant.

APPEAL from the Orphans' Court of Prince George's
County.

The cause was argued before BARTOL, C. J., STEWART,
GRASON and ALVEY, J.

The facts are detailed in the opinion of the Court.

*Thos. F. Bowie,* for the appellant:

The order of the 22d of March, 1869, is illegal and void,
and the Court erred in passing it, because the Orphans' Court

had no power to pass it. It was the exercise of Common Law or equity powers, which do not belong to the Orphans' Court. 1798, *ch.* 101, *sub-ch.* 15, *sec.* 20; *Code of Pub. Gen'l Laws, Art.* 93, *sec.* 252; *Townshend vs. Brooke,* 9 *Gill,* 91; *Lowe vs. Lowe,* 6 *Md.,* 347; *Miller, Adm'r of Pottinger vs. Dorsey, et al.,* 9 *Md.,* 317; *State, use Trustees M. E. Church vs. Warren, et al.,* 28 *Md.,* 339.

The order of the 6th of April, 1869, must be reversed, because if the order of the 22d of March be void, the Court could issue no attachment to enforce it, particularly as an appeal had been taken, and was then pending, from the first order. The attachment must therefore be quashed. *State, use of Calvert, vs. Williams,* 9 *Gill,* 176.

*R. B. B. Chew,* for the appellee:

The Court was authorized to direct the appellant to pay the appellee's debt, *Code of Pub. Gen'l Laws, Art.* 93, *sec.* 230; or to bring it into Court to be paid to her, *sec.* 237; and to enforce either alternative of this order by the summary proceeding of attachment and sequestration, *sec.* 252; as a judgment or decision against the executor under *sec.* 230; or as an order to bring the money into Court, in case of his refusal to pay it to the petitioner, *sec.* 237. And *sec.* 237 provides that the money, when brought in, shall at all times be subject to the order of the Court. *Williams vs. Holmes,* 9 *Md.,* 284, 285, 286; *Porter, Ex'r of Earlougher vs. Timanus, et al.,* 12 *Md.,* 292; *Mayer's Digest,* 682, *Cases under sec.* 237.

Section 230, among other powers enumerated, *in express terms,* confers authority upon the Orphans' Court to "direct the conduct and settling of the accounts of executors and administrators," superintend the *distribution of the estate of intestates,* and to administer justice in *all* matters relative to the affairs of deceased persons. *Williams vs. Holmes,* 9 *Md.,* 285.

But if the Court possessed no power to direct the appellant to pay the appellee's debt, then, *quoad hoc,* the order is void, and it remains simply an order to bring the money in his

hands into Court, from which no appeal lies, and the appeal will be dismissed. *Porter, Ex'r vs. Timanus,* 12 *Md.,* 292 ; *Ex parte Shipley and Wife,* 4 *Md.,* 496.

BARTOL, C. J., delivered the opinion of the Court.

These appeals are in the same record, and have been argued together.

The first is from an order of the Orphans' Court of Prince George's county, passed on the 22d day of March, 1869, directing the appellant as executor of Catharine Bowie, deceased, *to pay to the appellee, or bring into that Court to be paid to her,* the sum of $755, with interest from the 12th day of April, 1862, and $8.30 costs—being the amount of her judgment claim against the appellant's testatrix, filed with her petition.

After the appeal from the order of the 22d of March, had been taken, the appellee filed a petition in the Orphans' Court, alleging that the appellant had failed and refused to comply with said order, and had entered an appeal therefrom ; and suggesting that the appeal did not have the effect to stay any proceedings which might with propriety be carried on in that Court, in reference to so much of the said order as directs the said executor to bring the said sum of money into the Court to be paid to the petitioner, because that Court has the power to provide for conforming to the decision of the Court of Appeals, in the matter of the appeal, whether the said decision may eventually be for or against the appellant; by directing the said sum of money and interest thereon, when so brought in, to be deposited in bank or invested under its order, until the decision of said appeal in the Court of Appeals ; and praying that an order might be passed directing an *attachment* to be issued against the appellant, to compel him to bring the said sum of money and interest thereon into Court, the same to be deposited in bank, or invested as the Court may see fit, until the said appeal is decided by the Court of Appeals.

Upon this petition, the Orphans' Court passed an order, dated the 10th day of April, 1869, directing an attachment to be issued against the lands, tenements, goods, and chattels of the appellant, to compel him to bring into Court, the sum of money and interest thereon, as directed by the previous order passed on the 22d of March, 1869, to be deposited in bank, or invested under the order of the Court as they may see fit, until the decision of the Court of Appeals, in the matter of the appeal from said previous order.

The order of the 10th of April, directing an attachment, forms the subject of the second appeal.

It has been repeatedly decided that the Orphans' Courts of this State, are tribunals of special and limited jurisdiction, deriving their powers from statutory provisions.

By the Code, Art. 93, sec. 252, it is declared that they "shall not under pretext of incidental power or constructive authority, exercise any jurisdiction not expressly conferred by law." See *Townshend vs. Brooke,* 9 *Gill,* 91, 92, and cases there cited. We refer also to *Lowe vs. Lowe,* 6 *Md.,* 347 and *Miller, Adm'r of Pottinger vs. Dorsey,* 9 *Md.,* 317.

In this last case it was expressly decided, that "until a Court of law shall have definitively pronounced on the validity of the claim (of a creditor,) the Orphans' Court has no power against the protestation of the administrator to decree its payment."

In the absence of any provision of law conferring upon the Orphans' Court jurisdiction and power to decide upon the validity of the claim of a creditor, or to determine its amount, and to compel an executor to pay the same, or to bring money into Court for its payment, we are compelled to say that the order in this case, of the 22d of March, was passed without lawful authority. The jurisdiction to ascertain the validity and amount due to creditors, by deceased persons, belongs exclusively to the Courts of law and equity.

In regard to such claims, the only powers conferred upon the Orphan's Courts are to pass them, and to authorize and

approve their payment, when they are exhibited with the requisite vouchers and proofs required by law. *Code, Art.* 93, *secs.* 83 *to* 98. The objects of these provisions are two-fold; to secure the estates of deceased persons from unjust and unfounded claims, by requiring them to be supported by vouchers and proofs; and also to protect the executor from liability where he honestly pays a claim which has been approved and passed by the Court.

The passing of a claim, however, is by no means conclusive upon the executor so as to bind him to pay it. He may contest the same, if he thinks fit to do so, and compel the claimant to resort to a Court of law to enforce its payment; this is manifest from the 100 and 101 sections of the 93d Article. The right to make such contest rests entirely in the will or discretion of the executor, and the Orphan's Court has no power to restrain him, or to decide upon the validity of the claim or the sufficiency of the defence, except when, by the consent of both parties, they are constituted arbitrators to settle the dispute. *Code, Art.* 7, *secs.* 7, 8, 9.

It is the duty of an executor, if he has assets, to pay the debts of the deceased without delay, unless he has good cause to contest them; he enters into such contest at his own peril, and becomes personally liable for the costs. By the Code, Art. 93, sec. 105, the Court of law or equity, having jurisdiction over the case is authorized to award costs against such executor, which he is not entitled to have allowed to him in his administration accounts without the certificate of such Court that there were probable grounds for defending the action.

It would protract this opinion to an unnecessary length if we were to refer to the several sections of the Code cited by the appellee, and attempt to define the various powers and duties of the Orphan's Courts. In none of them is there to be found any jurisdiction or authority to pass such an order as that of the 22d of March, from which this appeal was taken, and it must therefore be reversed.

And as a consequence of such reversal, it follows that the order of the 10th of April, directing an attachment to be issued to compel obedience to the previous order, was improvidently passed, and the attachment must be dissolved.

By Article 93, section 237, the Orphans' Court is authorized, either *ex-officio* or upon application, to order an executor to bring money into Court, or invest it under the direction of the Court, and such order being within the Court's discretion, would not be reviewed on appeal.

The proceeding before us was not one of that kind. Here the first order (of the 22d of March,) was not an order to bring the money into Court simply, or to invest it, but was in its terms an adjudication of the right of the appellee to recover her claim against the executor, and required the appellant to pay it, or to bring the money into Court to be paid to her.

Such order, we have said, the Orphans' Court had no authority to pass, and of course no power to enforce by attachment. An order will be passed reversing the orders appealed from, and quashing the attachment.

*Orders reversed.*

(Decided 1st June, 1869.)