CHARLES A. HARDING, and B. LEE BELT, Administrators vs. IRA M. ALLEN.

*Registration of Deeds—Priority of Lien—Mortgage—Code, Art. 24, sec. 14, and Art. 16, sec. 23.—Error in Decree —Auditor.*

A tract of land was conveyed by L. to N. by deed dated the 13th of November, 1874, and recorded the 28th of April, 1875. On the 23d of December, 1874, N. made a mortgage of the same property to L. to secure a balance of the purchase money. L. made the affidavit to this mortgage on the 12th of April, 1875, but it was not recorded until the 11th of July of the same year. On the 7th of January, 1875, N. made to A. a deed of the property, which was recorded on the 18th of the same month. On a bill for the sale of the land, filed by A., in which he admitted that his deed, though absolute on its face, was only a security for debts due him by the grantor, it was HELD:

1st. That his deed had a priority over the mortgage to L., there being no evicence that A. had any notice of said mortgage.

2nd. That the deed to N. being duly recorded, by the express provision of the statute (Code, Art. 24, sec. 14,) took effect between the parties from its date.

3rd. That the mortgage from N. to L. not having been recorded until after the expiration of six months from its date, it was then too late for it to acquire the lien belonging to a mortgage recorded according to the provisions of the registration Acts.

4th. That although by the provisions of sec. 23, of Art. 16 of the Code, a Court of equity, upon application, may order it to be recorded, by the express provisions of that section, it must be postponed to the title of a purchaser after the date of the mortgage without notice.

5th. That an over-statement in the decree for sale, of the amount of the complainant's claim, was an error which would not affect the validity of the decree; as the amount actually due could be adjusted before the auditor, after the sale had been made and reported.

APPEAL from the Circuit Court for Prince George's County, in Equity.

The bill in this case was filed by the appellee, against William A. Nixon and wife, and the appellants as administrators of Mrs. Eleanora L. Lee, asking for a sale of the property in question for the payment of the complainant's claim, as a preferred claim against the property. The case is stated in the opinion of the Court.

The cause was argued before MILLER, ROBINSON, IRVING, BRYAN, and McSHERRY, J.

*William Stanley*, for the appellants.

*R. B. B. Chew, Jr.*, and *Daniel R. Magruder*, for the appellee.

The deed from Nixon to Allen, having been duly executed and recorded within the time prescribed by law, took effect from its date to vest the legal title in Allen. *Sec.* 14 *of Art.* 24 *of the Code of* 1860.

In the absence of proof to the contrary, this deed is to be presumed to have been delivered on the day of its date. *Barry vs. Hoffman, et al.*, 6 *Md.*, 78. The deed from Mrs. Lee to Nixon, is subject to the like presumption. *Ibid.* This deed to Nixon placed the legal title out of Mrs. Lee from its date, *more than a month* before Nixon's mortgage to her bears date, *five months* before she made affidavit to it, and nearly *eight months* before it was recorded. The deed from Nixon to Allen having been recorded before his mortgage to Mrs. Lee, is to be preferred thereto. *Sec.* 16 *of Art.* 24 *of the Code of* 1860. There is no question of the *bona fides* of the deed to Allen.

Mrs. Lee's mortgage not being recorded in time, is ineffectual as a lien, and its record is of no avail,

and leaves it in the same position as if unrecorded. *Pfeaff vs. Jones, &c., Admr's,* 50 *Md.,* 263.

Mrs. Lee having parted with the legal title, her lien as vendor is gone as against the appellee taking his deed without notice of the purchase money being due. *Roberts vs. Salisbury,* 3 *G. & J.,* 425; *Schwartz, Guardian, &c. vs. Stein,* 29 *Md.,* 112; *McGonigal vs. Plummer,* 30 *Md.,* 422; *Dance, Ex'r vs. Dance, et al.,* 56 *Md.,* 433; *Rawlings vs. Lowndes,* 34 *Md.,* 639.

It is well settled, that *prima facie* the deed or mortgage first recorded is to have priority; and the burden of proof is upon the other party to show either actual notice of the prior instrument, (or equitable lien,) or that the circumstances were such as to have put any man of ordinary prudence upon inquiry, and such as to make it fraudulent to take the deed. *Rawlings vs. Lowndes,* 34 *Md.,* 639; *Busey vs. Reese,* 38 *Md.,* 264; *Gen. Ins. Co. vs. U. S. Ins. Co.,* 10 *Md.,* 517; *Ohio Life, &c., Co. vs. Ross,* 2 *Md. Ch. Dec.,* 35; 1 *Story's Eq.,* 397, 398.

Such notice or knowledge must have been received before the second instrument was taken, for if a right had vested when the notice was received, the second grantee had a right to try his speed in attaining a priority of registry, as has been forcibly said. *U. S. Ins. Co. vs. Shriver,* 3 *Md. Ch. Dec.,* 381, *citing* 4 *Kent Com.,* 172.

BRYAN, J., delivered the opinion of the Court.

The material facts of this case lie within a narrow compass. Mrs. Eleanora L. Lee executed a deed conveying to one William A. Nixon, in fee simple, a tract of land in Prince George's County. The covenants were that the grantor had not encumbered the property, or suffered it to be encumbered, and that she would warrant it specially and would execute such further assurances as might be requisite. The deed was executed and

acknowledged on the thirteenth of November, 1874, and recorded on the twenty-eighth of April, 1875. Nixon and his wife executed a deed on the seventh of January, 1875, to Ira M. Allen in fee simple. This deed was recorded on the eighteenth day of the same month. On the twenty-third of December, 1874, Nixon and wife executed to Mrs. Lee a mortgage of the property purchased from her to secure a balance of the purchase money. Mrs. Lee made the affidavit to this mortgage on the twelfth of April, 1875, and it was recorded on the eleventh of July of the same year. Allen has filed a bill in equity for the sale of the land, admitting that his deed, though in form a conveyance in fee simple, is only a security for debts due to him by the grantor. The question is whether his deed has priority over Mrs. Lee's mortgage.

There is no evidence that Allen had any notice of the mortgage to Mrs. Lee. The case must rest entirely on the provisions of the registration laws. The deed to Nixon being duly recorded, by the express provisions of the statute took effect between the parties from its date. General Code, Art. 24, sec. 14; that is to say Nixon was invested with Mrs. Lee's title from the thirteenth of November, 1874; and he conveys this title to Allen, by a deed which was also duly recorded. The mortgage to Mrs. Lee from Nixon was not recorded until after the expiration of six months from its date. It was then too late for it to acquire the lien belonging to a mortgage recorded according to the provisions of the registration Acts. The 19th section of Article 24 of the General Code authorizes the recording of certain deeds after the expiration of six months from their date; but it expressly excludes mortgages from its operation. If a mortgage is not recorded in time, a Court of equity may order it to be recorded under the circumsances mentioned in Article

Harding and Belt, Adm'rs *vs.* Allen.

16, section 23, of the General Code. Upon the principle that equity will approve an act which has been done, if upon application it would have ordered it to be done, we may consider this mortgage in the same way as if an order for its recordation had been obtained.

This is the most favorable view which we can take of it. By the express provisions of the section mentioned, it must be postponed to the title of a purchaser after the date of the deed without notice. This was the decision of the Circuit Court, and we approve of it.

It has been said that in the decree below the complainant's claim has been overstated. The case must go to the auditor after the sale has been made and reported. All parties in interest will have an opportunity to be heard, and to offer their proofs. It will be the duty of the Circuit Court, when the auditor's report is considered, to adjust correctly the amount to be paid to the complainant. The main purpose and result of the decree was to order a sale, and to determine the priorities of the parties to the suit. We would not consider it proper to reverse this decree which is correct in its leading and essential features, for a matter which will be subject to correction and readjustment in the auditor's report.

*Decree affirmed, and*
*cause remanded.*