WILLIAM G. H. STUMP *vs.* ALEXANDER H. STUMP, ET AL.

*Orphans' Court—Ex-parte Order Allowing Claim Against Estate of Decedent—Burden of Proof of Claim—Appeal.*

After the claim of an executor against the estate of the decedent had been allowed by an *ex-parte* order of the Orphans' Court, a petition was filed by the legatees disputing the claim and asking that full proof be required to establish the same. The Orphans' Court passed an order striking out answers to the petition filed by the claimant because not responsive, rescinding the *ex-parte* allowance of the claim, and setting down for hearing on a day named the question of the allowance of the claim, with leave to the parties to produce evidence. *Held,* that no appeal lies from this order because it is interlocutory and not final in its nature.

When a claim against an estate of a decedent is passed or allowed by an *ex-parte* order of the Orphans' Court, and the parties interested subsequently file a petition objecting to the claim and asking for the rescission of the order, the burden rests upon the claimant to establish the correctness of his claim, and the fact that he filed an answer under oath to the petition, does not shift the burden of proof.

Appeal from the Orphans' Court of Baltimore County.

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, SCHMUCKER and JONES, JJ.

*J. J. Alexander* (with whom was *J. I. Yellott* on the brief), for the appellant.

The order of the Orphans' Court of the 11th July, 1899, not having been appealed against in time, was the adjudication of the Court that if the appellant showed sufficient cause against rescinding the order allowing his claim, the order of 7th June, 1899, was to stand. The proceeding was in fact then a plenary proceeding, and the appellees might have taken issue on the answer, and had the whole question decided. *Pegg* v. *Warford*, 4 Md. 396; *Peters* v. *Peters*, 20 Md. 178; *Daugherty* v. *Daugherty*, 82 Md. 232; *Cannon* v. *Crook*, 32 Md. 484; *Hubbard* v. *Barcus*, 38 Md.

172; *Smith* v. *Young*, 5 Gill, 197. Instead of that they wait seven months, and then come on most irregularly and insist that the order of the Orphans' Court of 11th July, 1899, was erroneous, and that the order that the Court had then refused to strike out, except conditionally, should be stricken out absolutely. But that order was the law of the case. *Stanley* v. *Safe Deposit Co.*, 88 Md. 401. The Orphans' Court could, therefore, only determine on the record before them whether sufficient cause had been shown by appellant's answer. Now, if the case was submitted, as the last order recites that it was, upon the proceedings, then that answer, being on oath, was to be taken as true, and, if so, constitutes a full answer to the appellees' case. The Orphans' Court were then in error in *striking out* the answer which the former order of 11th July, 1899, had required appellant to file. *Peters* v. *Peters*, 20 Md. 172; *Cover* v. *Stocksdale*, 16 Md. 1; *Daugherty* v. *Daugherty*, 82 Md. 232. No evidence was adduced by appellees to contradict the answer of the appellant, and as the case stood there was abundant evidence in the record to sustain it. *Hesson* v. *Hesson*, 14 Md. 8.

But was it necessary for the Orphan's Court at all to rescind the order allowing the claim of the appellant before proceeding to adjudge upon the merits or to grant issues? That to do so might be a prejudice to the executor if a creditor sued the executor is evident. *Bowling* v. *Lamar*, 1 Gill, 364; *Stevenson* v. *Shriver*, 9 G. & J. 324; *Stockett* v. *Jones*, 10 *id.* 276.

If so, then it will follow that wherever an executor states his account, containing a retainer for his own debt, which is passed by the Orphans' Court, if the claim is challenged, the Orphans' Court must begin by setting aside the passage of the account, although it is said the passage of the claim adds nothing to its intrinsic merits or authenticity, when reviewed as it is by the Orphans' Court on the proceedings before it. But this was not done in *Lee* v. *Lee*, 6 G. & J. 316; *Stockett* v. *Jones*, 10 G. & J. 278; *Owens* v. *Collinson*, 3 G & J. 38.

Nor, when we consider that the legatee or next of kin or creditor may proceed at law or in equity against the executor retaining, and that the passage of the claim in his accounts is not conclusive in his favor, but may be challenged, does any necessity appear for striking out the claim. See *Yingling* v. *Hesson*, 16 Md. 121; *Watson* v. *Watson*, 58 Md. 442.

*George R. Gaither, Jr.*, and *Charles McH. Howard*, for the appellees.

This case does not now come up for review upon appeal from an order finally allowing or rejecting the claim in question ; the question is a preliminary one, concerning the burden of proof. This question is, however, of almost as much importance to the appellees as would be an appeal from a final order of the kind first mentioned. The account in question covers a period of 12 years, beginning at a time now more than fourteen years ago, and relates to matters of which the appellant should have the means of proof, but in contradiction of which it is scarcely to be expected that persons occupying the position of the appellees could now adduce legal evidence to disprove the items thereof, if the appellant is permitted to assume the position of having established his claim *prima facie*, by his sworn answers, or by his *ex-parte* affidavits.

The fact that the appellant is executor as well as claimant has already placed him in a situation of great advantage. In the ordinary course of an administration, if the legatees or next of kin wish to dispute a claim, they not only have the opportunity of so doing before the Orphans' Court, but in case of its allowance by that Court the executor can then resist payment by suit at law, and so have the merits of the claim passed upon fully in a trial before a jury, upon legal evidence. But in the present case it is evident that no such recourse will be open to them, as the executor is himself the claimant ; neither can they plead limitations to his account, if they were desirous of interposing that bar to so stale a claim.

If, therefore, to these advantages is added the advantage of the burden of proof, and the executor is permitted to require his four colegatees to disprove his claim, by legal evidence, relying on his answers and *ex-parte* affidavits, then a trial upon such a theory could amount only to a denial of justice to the appellees.

The following cases, it is submitted, establish conclusively the principle that where the claim of an executor is subsequently contested by the parties in interest, its *ex-parte* passage by the Orphans' Court is *no* evidence of its correctness, but it must then be supported by testimony substantially sufficient to establish the facts before a jury. *Lee* v. *Lee*, 6 G. & J. 316, 321; *Bowling* v. *Lamar*, 1 G. 358, 363; *Edelen* v. *Edelen*, 11 Md. 415; *Hesson* v. *Hesson*, 14 Md. 8; *Levering* v. *Levering*, 64 Md. 414.

The section of the Code which provides for plenary proceedings in the Orphans' Court enacts that " the Orphans' Court may, in all cases of controversy therein, upon the application of either party, direct a plenary proceeding by bill or petition, to which there shall be an answer under oath," &c. *Code*, art. 93, sec. 249. It has been decided that by the word " controversy " in this section is meant a controversy of fact; upon a purely legal question there is no place for a plenary proceeding. *Cain* v. *Warford*, 3 Md. 454. Such a purely legal question was presented by the application of the appellee in this case for the rescission of the *ex-parte* allowance of the appellant's claim and for full proof thereof; such proof they were entitled to require, irrespective of the merits of the claim, and hence their application for such proof is not the proper subject for a sworn answer going into the question of the merits, unless, indeed, such answer should set up such facts as that the allowance had not been *ex-parte;* though it would be a matter to be determined from the Record.

Fowler, J., delivered the opinion of the Court.

Elizabeth G. Stump died leaving a will which was duly

admitted to probate in the Orphans' Court of Baltimore County. She devised and bequeathed all her estate and property to her five children as tenants in common, equally. Her son, William G. H. Stump, was named as executor, and letters testamentary were duly issued to him. Some months thereafter he exhibited to the Orphans' Court an account against his mother's estate for an alleged indebtedness amounting, with interest, to over fourteen thousand dollars. This account was accompanied with certain affidavits, and was passed in the usual manner, *ex-parte*, by the Orphans' Court. Within a few days after the passage of this account the brother and sisters of the executor, filed in that Court a petition charging that said account is incorrect and erroneous and asking for the passage of an order rescinding the allowance of the claim, and requiring it to be established in a plenary proceeding and by full and satisfactory proof. It was so ordered, and the executor was required to establish his claim against the estate of his mother by full proof in a plenary proceeding upon bill or petition, he occupying the position of plaintiff and the other devisees and legatees were required to answer under oath as defendants. Leave was also allowed to either party to apply for issues to be sent to a Court of Law. The order just mentioned was passed on the 20th June, 1899, and on the 11th July following the foregoing order was rescinded and in lieu thereof it was ordered that the order of June 7th passing said claim be rescinded, unless cause to the contrary be shown by the claimant on or before the 9th of August, provided a copy of the order should be served on himself or his attorney before the 1st of August. On the day last named, instead of showing cause, as required by the order of the 11th July, why the order of June 7th passing his account should not be rescinded, he filed an answer under oath, setting up the merits of his claim, but failing to show any cause why the *ex-parte* order passing his claim should not be rescinded, or why his claim should not be established by full and satisfactory proof. It will be observed that this order does

not require that the other parties shall be notified of its pas-
sage.   It only required that a copy should be served on the
claimant.   He alone appears to have had any notice of it.

The next step in the proceedings is a petition filed Feb-
ruary 6th, 1900, by the devisees who were opposing the
claim in question, by which they asked that the claimant's
answer to their original petition be stricken out because it is
not responsive, and praying that the original order allowing
the claim be rescinded, and that the claimant b erequired to
establish his claim by legal proof.   The matter of this pe-
tition was set for hearing on a day named, and after hearing
argument from both sides the Court passed an order strik-
ing out the two answers filed by the claimant, because not
responsive, rescinding the *ex-parte* allowance of the claim,
and setting the question of its allowance or rejection for
hearing on the 10th of April, 1900, requiring both sides on
that day to produce before the Court such proof by wit-
nesses or other legal evidence as they may desire to support
their respective contentions, " so that the question of the
allowance or rejection of said claim   *   *   *   may be
finally decided."   From this order the claimant, William G.
H. Stump, has appealed.

The first question presented arises on a motion to dismiss
the appeal.

It seems to us too clear for controversy that this motion
must prevail, for the reason that it is evident from the rec-
ord that the order appealed from is interlocutory in its na-
ture and has not one element of finality about it.   For
while certain answers of the appellant were stricken out,
the whole matter of the allowance of his claim was fixed
for hearing on a day named in the order.

He was offered a day in Court to establish his claim and
he refused to avail himself of it.   The order appealed from
did not even adjudge his answers insufficient, but only de-
clared they were not responsive to the petition and motion
of the appellees.   However, even if these answers had
been held insufficient, no appeal would lie, if, as is the case

here, a further opportunity was given to establish his claim. In *Potts* v. *Potts*, 88 Md. 640, it was held that the fact that the Orphans' Court, by its order, declared that the defense set up by the answer was not sufficient and required a further answer, demonstrates that its action was not final. And the appeal in the case cited was dismissed for that reason.

But if the case were properly before us· we would have no hesitation in affirming the action of the Court below. What the Court did was simply this. When the executor presented his claim it was passed by an *ex-parte* order. But it is settled that such an order gives to the claim no additional evidence of correctness when it is subsequently contested by proper parties in interest. For when so contested it must be supported by testimony sufficient to establish the facts before a jury. *Edelen* v. *Edelen*, 11 Md. 415; *Bowling* v. *Lamar*, 1 G. 363; *Lee* v. *Lee*, 6 G. & J. 313; *Levering* v. *Levering*, 64 Md. 414. So that whether the claim against the estate of a decedent be passed or not, the burden of proof rests upon the claimant to establish his claim by full proof to the satisfaction of the Court when such proof is properly called for. That the proof was properly demanded in this case is shown by the record, for as soon as the claim was exhibited the appellees filed their petition of the 20th of June, the purport of which has already been given.

The contention of the appellant is that having filed his sworn answer he is not called on to produce further proof until the appellees have offered evidence to disprove the items of his claim. This is certainly an easy way to shift the burden of proof, but we cannot give it our sanction. If such a contention could be maintained then, as pointed out by counsel for appellees in their brief, " any executor may first procure the passage *ex-parte* of a claim against the estate (and such *ex-parte* allowance is granted, as a matter of course, upon affidavits), and then by interposing a sworn answer to any application for rescission of the order passing his claim and for full proof, intrench himself in the position

of a defendant in a plenary proceeding, and call for evidence to disprove the items of his claim, notwithstanding the numerous decisions that such allowance is no evidence of correctness and that parties interested are entitled to call for full proof."

Under the order appealed from the appellant was allowed a full opportunity to establish his claim as required by the well settled law of this State, and the Court below will, of course, give him another day for the same purpose.

*Appeal dismissed.*