# MARY J. BADDERS vs. WILLIAM J. O'BRIEN, JR.

*Authority of Orphans' Court to Authorize Executor to Compromise Suit Against Estate—Account Making Allowance for Settlement of Claim and Counsel Fees Upheld.*

The mere passing of a claim against the estate of a deceased person in the Orphans' Court, or its allowance there in the *ex parte* account of an executor, does not prevent parties in interest from contesting it.

The Act of 1908, Chap. 428, provides that the Orphans' Court shall have power to authorize any executor or guardian to compromise any claim against or in favor of the estate of any decedent or ward in such manner as the said Court may approve. *Held,* that this Act does not confer upon the Court full power to determine the validity and amount of a creditor's claim against the estate of the decedent or ward, but its decision in regard to such claim will be upheld in the absence of positive error.

In this case, an executor was authorized to compromise a suit against the estate, in which $15,000 was claimed for services rendered to the testator, by the payment of the sum of $1,000, and he was also allowed a counsel fee of $500. An *ex parte* account was passed in the Orphans' Court making these allowances, to which account a legatee excepted. After testimony was taken, the Orphans' Court dismissed the exceptions, and the legatee appealed. *Held,* upon consideration of the evidence, that the action of the Orphans' Court in authorizing the compromise of the suit and in allowing the counsel fee should be affirmed.

*Decided January 11th, 1911.*

Appeal from the Orphans' Court of Baltimore City.

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, SCHMUCKER, BURKE, THOMAS, PATTISON and URNER, JJ.

*Horton S. Smith* (with whom was *Wm. R. Barnes* on the brief), for the appellant.

*Osborne I. Yellott* and *J. LeRoy Hopkins*, for the appellee.

SCHMUCKER, J., delivered the opinion of the Court.

The appeal before us was taken from orders of the Orphans' Court of Baltimore City dismissing the exceptions of the appellant to the allowance of two items in an administration account which had been passed in that Court.

It appears from the record that the account was passed in the usual *ex parte* form on April 29th, 1909, by William J. O'Brien as executor of the last will of Joseph Zane. The appellant was named as a legatee in the will and, in her right as such, she filed a petition in the Orphans' Court, a few days after the passing of the account, excepting to the allowances therein made of $1,000 as the sum for which a suit at law against the estate had been compromised by the executor and the further sum of $500 as a fee to his counsel for their services in that suit.

On the 9th of April, 1909, before the presentation of the account in the Orphans' Court the executor filed a petition therein alleging that Gertrude Flaherty had sued him in the Baltimore City Court for $15,000 for services rendered to the testator as housekeeper, nurse and companion from July 15th, 1903, to March 21st, 1909. He further alleged that he had, under an order of the Orphans' Court, employed counsel to defend the suit who had advised him to accept a proposition made by the plaintiff's counsel to compromise the

suit for $1,000 as a liquidated amount to be allowed to her in the administration account to be passed by him and that he himself was satisfied after careful investigation that it would be to the interest of the estate to make the compromise. The petition was signed by Mr. O'Brien and Isaac S. George as attorneys for the executor and it was verified by Mr. O'Brien's affidavit as executor.

Upon that petition the Orphans' Court passed an order authorizing and directing the executor to compromise and settle the suit and claim of Gertrude Flaherty as prayed in the petition and according to the terms therein set forth. The claim for $1,000, the amount of the compromise, was accordingly presented to the Register of Wills and by him passed in the usual form and allowed by the Orphans' Court as a credit to the executor in his administration account.

The counsel fee of $500 to Messrs. O'Brien and George appears in the account as allowed "as per order of Court dated April 27th, 1910," but there is no copy of the order in the record so that we are unable to say whether the fee was allowed by order absolutely or subject to exception.

After the filing of the exceptions by the appellant the Orphans' Court heard testimony upon the issues thereby presented, the petitioner assuming the burden of establishing the truth of the allegations of her excepting petition. Her brief states that she was directed by the Court to assume that burden, but the record is silent upon that subject. Testimony was taken in support of and against the exceptions. The evidence establishes the fact that Miss Flaherty lived with the testator, who was a victim of chronic locomotor ataxia and almost helpless, for more than six years up to the time of his death and that during that time she rendered services in taking care of his house and of him personally. The evidence on her behalf tends to show that she did the domestic work in the house and waited on and nursed him during her entire stay with him. On the other hand the evidence for the exceptant, while it shows that Miss Flaherty

rendered some service in the testator's house and to him personally, tends to prove that she maintained immoral relations to him and that both of them were at times intemperate and led coarse lives.

We refrain from a consideration in detail of the evidence because taken as a whole it satisfies us that her suit against his estate was not devoid of a substantial foundation, and that therefore the compromise of the claim for so small a portion of its face value made by the executor under the authority and direction of the Orphans' Court in the manner already mentioned by us should be upheld.

This Court has repeatedly held that the mere passing of a claim against the estate of a deceased person in the Orphans' Court, or its allowance by that tribunal, in the *ex parte* account of an executor, did not prevent proper parties in interest from contesting it, or even establish a *prima facie* case in its favor so as to cast upon the contestant the *onus probandi* of the impropriety of its allowance. *Stump* v. *Stump*, 91 Md. 705; *Edelen* v. *Edelen*, 11 Md. 415; *Levering* v. *Levering*, 64 Md. 414; *Lee* v. *Lee*, 6 G. & J. 313.

We also held in *Bowie* v. *Ghiselin*, 30 Md. 553, which was decided long prior to the passage of the Act of 1908, Ch. 428, that "the jurisdiction to ascertain the validity and amount due to creditors by deceased persons belongs exclusively to Courts of law and equity," and that in the absence of any provision of law conferring upon the Orphans' Court jurisdiction and power to decide upon or determine the validity of the claim of a creditor or to determine its amount "that Court had no power to compel an administrator against his protest to pay the claim." That case has been frequently cited with approval and followed in more recent decisions, but the situation there dealt with has been somewhat modified by the passage of the Act of 1908, Ch. 428, which confers additional powers upon Orphans' Courts. It provides as follows:

"The Orphans' Court shall have power to authorize and direct any executor, administrator or guardian to compromise any claim against or in favor of the estate of any decedent or ward as the case may be, in such manner as the said Court may approve."

This Act does not confer upon the Orphans' Courts the full powers with which Courts of law and equity are invested of deciding upon the validity and determining the amount of a creditor's claim against the estate of a decedent or ward, but merely the power to authorize and direct an executor or guardian to compromise the claim on such terms as meet the Court's approval, without undertaking to determine its legal status or exact amount. The law looks with favor upon the amicable settlement of controversies and the prevention of litigation, and a statute conferring power to effect compromises of claims threatening to involve estates in litigation upon a subordinate tribunal that is not fully equipped to determine their precise legal merits is in harmony with the policy of the law, and the exercise of that power when fairly made should be upheld in the absence of evidence of positive error or injustice. We find no such error or injustice in the case before us as to induce us to reverse the action of the Orphans' Court in directing the compromise of Gertrude Flaherty's claim.

The order authorizing the compromise of the claim, and the one allowing the counsel fee to the executor's attorneys, were both passed on the 3rd of June, 1910. The appeal was taken from "the decisions of the Court dismissing the exceptions of Mary Jane Badders (the appellant) to the executor's account." The exceptions on their face are made to the allowance in the account of the two items of $500 counsel fee and $1,000 in compromise of the Flaherty claim. We have therefore treated the appeal as embracing both matters, but as the question of the propriety of the allowance of the fee is not noticed on the appellant's brief and was not insisted upon in

the argument of the appeal we deem it sufficient to say in that connection that no adequate reason has been advanced for disturbing the decision of the Orphans' Court in that respect.

For the reasons stated in this opinion the orders appealed from must be affirmed.

*Orders affirmed with costs.*