STATE, USE OF J. WINDSOR BOUNDS, *vs.* ROBERT P. GRAHAM AND LOUISA S. GRAHAM.

*Administrators; overpayments to trustee; right to recover individually; audit and ratification of trustee's account; effect of. Decretal orders. Trustee's bond.*

"G.," an administrator of an estate, overpaid the trustee; when the trustee's accounts were audited and finally ratified, the amount of the overpayment was audited to "G." Upon the trustee's failure to pay, after due notice and demand, "G." brought suit on the trustee's bond for the sum so overpaid and audited, with interest. *Held,* that the claim was for "G." in his individual right, and not as administrator; that the ratification of the audit, directing the trustee to pay the said sum to the plaintiff was a decretal order, and in the suit on the bond it was immaterial whether or not the Circuit Court allowed the claim to him individually or to him as administrator.                p. 523

A decretal order is not open to collateral attack.        p. 522

In a suit on a trustee's bond the decretal order ratifying the trustee's accounts and ordering a distribution in compliance therewith, is *res adjudicata.*                p. 522

*Decided April 19th, 1911.*

Appeal from the Circuit Court for Wicomico County (JONES, J.).

The case was submitted to BOYD, C. J., BRISCOE, PEARCE, BURKE, THOMAS, PATTISON and URNER, JJ.

*Ellegood, Freeny & Wailes,* filed a brief for the appellants.

*George W. Bell* and *Robert P. Graham,* filed a brief for the appellees.

BOYD, C. J., delivered the opinion of the Court.

A demurrer to the amended declaration filed in this case was sustained by the lower Court and judgment was entered for the defendants for costs. From that judgment this appeal was taken. The suit was brought in the name of the State, "at the instance and for the use of J. Windsor Bounds" by his attorneys, on a trustee's bond executed by the appellee. The declaration alleges that Mr. Graham was appointed trustee and gave the bond which is set out in full, and is subject to the usual conditions in bonds of that character; that the trustee became possessed of a large amount of the assets of the trust estate and distributed the funds among the parties entitled thereto by an audit, which was duly and finally ratified on the 21st of June, 1906; that by said audit the sum of $168.69 was audited and allowed to the plaintiff to be paid by the trustee and the trustee was ordered by the Court to pay said sum "with the due proportion of interest." It then alleges that said sum was "the amount overpaid by the said J. Windsor Bounds as administrator of Train A. Bounds, that is to say, paid by him as such administrator beyond and above the assets which came to his hands as such administrator;" that the trustee had due and legal notice of the final ratification of the said audit and demand was made before the bringing of this suit upon him for the payment of said sum "So ordered to be paid to the said J. Windsor Bounds," but the trustee has not paid the same, etc.

We confess that it would be difficult for us to understand upon what ground the demurrer was sustained, but for the brief of the appellees which we suppose states the ground relied on below, as no other is given. It says that the real plaintiff, J. Windsor Bounds, claims that there is audited to him individually the sum of $168.69, and then claims the same sum as due him as administrator. It is then contended that "the two claims are repugnant and cannot be the same cause of action in the same suit," and it is argued that if Bounds overpaid said sum as administrator he could not recover individually for the overpayment or proceed against the real estate for the payment of his debt, but it would be a debt owing to him as administrator.

There are two conclusive answers to the contention of the appellees. In the first place the equitable plaintiff does not claim the sum as administrator, but he sues individually and alleges that the amount was distributed to him. It was unnecessary to state how the sum became due to the plaintiff, but if it be assumed that Bounds was not entitled to have the money distributed to him individually, because he had made the overpayment as administrator, that would not be an answer to this suit. The Narr distinctly and in terms alleges that it was audited to the plaintiff, who is J. Windsor Bounds, the individual and not the administrator, that the audit was ratified and the trustee was ordered by the Court to pay the sum to the plaintiff. It was a decretal order of the Court, and it is wholly immaterial in this suit on the bond whether or not the Circuit Court properly allowed it to him individually. It is well settled that that cannot be questioned in a suit on the bond. The late case of *Ward* v. *Schlosser,* 111 Md. 528, distinctly determines that such a decretal order is not open to collateral attack, in a suit on the bond—that the distribution made by such a decretal order is *res adjudicata.* JUDGE BURKE quoted from *Taylor* v. *State, use of Miller,* 73 Md. 221, where it is said: "When an audit disposing of trust money has been ratified and the trustee

has been ordered to pay out the funds as audited, the order as to him and his sureties has the force and effect of an adjudication *in rem,* and,. if he fails to make payment and his bond be put in suit, there are but two questions open for the jury, and these are: Has such an order been passed, has the money been paid? The Court's order ratifying the audit is absolutely binding on the trustee and his sureties unless reversed on appeal to this Court, or revoked on proper proceedings in the Court by which it was passed." As the *narr* contained the. allegations of notice by the trustee of the final ratification of the audit and demand on him, there would seem to be no question about the sufficiency of the *narr,* under the case of *Ward* v. *Schlosser* and those cited in it.

It would seem to be clear therefore that it was immaterial whether the plaintiff could have recovered in his own right the amount overpaid by him as administrator, as the Court in which that question should have been raised was the Court of Equity where the money was distributed. But there is no doubt about the right of an administrator to recover from the real estate an amount overpaid by him as such administrator—provided, of course, the payments made by him were properly chargeable against the estate of the decedent. The cases of *Gist* v. *Cockey,* 7 H. & J. 134; *Collinson* v. *Owens,* 6 G. & J. 4, and *Billingslea* v. *Henry,* 20 Md. 282, fully recognize such right. He is subrogated to the rights of the creditors whose claims he has paid and it cannot be said that he receives the money as administrator, for if he did he would have to account for it as such.

He may be entitled to it because he was administrator, and as such, in the distribution of the personal estate, paid out more than that estate amounted to, but he is entitled to recover it individually if the audit shows it was distributed to him by reason of such overpayment.

It follows that the judgment must be reversed.

> *Judgment reversed and new trial awarded,*
> *the appellees to pay the costs.*