## GENERAL COURT, (E. S.) SEPT. TERM, 1799.

### MONTGOMERY *et al. vs.* BLACK.

REPLEVIN for a negro slave. The sheriff returned, "replevied and delivered, and the defendant summoned."

The state of the case was, that *James Black*, of New Castle county, in the state of Delaware, died in possession of the negro in question. That by his will he appointed four executors, the plaintiffs and *George Black*, and *Wallace*, who renounced. That *George Black* died, leaving the plaintiffs surviving executors, and by his will appointed the defendant his executor. The negro was in the possession of *George Black* at his death, and after his death continued in the possession of the defendant, his executor, four years before the writ of replevin issued in this case.

*Wright*, for the defendant, moved for a return of the negro slave under the act of 1785, *ch.* 80, *s.* 14, and in support of the motion, contended that the defendant did not obtain the possession of the negro forcibly nor fraudulently, but that *George Black*, the defendant's testator, being one of the executors of *James Black*, had obtained the possession by the consent of the other executors; and that the defendant had acquired the possession as executor of *George Black*, and was entitled to the negro by the act of limitations.

*Key*, for the plaintiff, argued, that upon the death of *George Black*, the right of possession and of the property survived to the plaintiffs, the remaining executors of *James Black*; that *George Black* by his will could not transfer his power of the negro to the defendant, his executor. It is necessary that the defendant should shew title in himself or his testator. In this case limitations cannot attach, for the possession of one executor is the possession of all. Limitation attaches on the remedy, not on the title. An executor cannot sell without an order of the orphans court; nor even in that case unless

Sept. 1799.

Montgomery
vs.
Black.

the estate be indebted—Act of *November* 1779, *ch.* 24. He cannot retain property at the appraisement. The title set up by the defendant is fraudulent.

To shew that the estate was not indebted, he produced as evidence a copy of the inventory, made out under the seal of the office, before the operation of the stamp law commenced.

*Wright* objected to the copy being offered in evidence, alleging that it was not on stamped paper, and could not be received in evidence.

CHASE, Ch. J.   As the copy was made previous to the stamp law, it may be admitted in evidence.

*Martin,* (Attorney General,) also for the plaintiff, contended, that the defendant ought to shew a right from the plaintiffs. That it was not necessary for the plaintiffs to shew that the defendant obtained the negro by force or fraud; and that the executors cannot divide the testator's estate between them specifically, unless they are interested.

CHASE, Ch. J.   In the present instance the court are not to take into consideration the right of property. The possession of one executor is the possession of all. The defendant did not obtain the possession with proper authority or right from the plaintiffs; therefore the motion cannot be granted; and the court are of opinion that the return of the negro slave ought not to be awarded.

MOTION REFUSED.