(Decided July 7th, 1865.)

---

EDWIN M. MUNCASTER, Executor of OTHO MAGRUDER, *vs.* OTHO Z. MUNCASTER and Wife.

CODE, ART. 1, SEC. 4, AND ART. 93, SEC. 11: EXECUTORS AND ADMINISTRATORS: ORPHANS' COURT, JURISDICTION OF: LAPSE OF TIME.—The heirs-at-law of Z. M. filed, in 1864, their petition in the Orphans' Court, alleging that it appeared, from an account passed said Court, in 1848, that O. M., as administrator of Z. M., had received and retained in his hands the sum of $600, and that he had afterwards, in 1854, received and retained the further sum of $235.95, which sums had never been accounted for or distributed by the administrator, in his life time, or since, by his executor, and praying that said executor might be compelled to pass an account of the

estate of Z. M., charging his testator with said sums, and that the same be paid to the petitioners. HELD:

1st. That the case presented by the petition was clearly within the purview of Art. 93, sec. 11, and Art. 1, sec. 4 of the Code, and said executor was bound thereby to pass the account called for by the petitioners; and that by sects. 230 and 231 of the same Article, the Orphans' Court had full power to compel him to perform that duty.

2nd. That in such a case, the mere lapse of time raises no presumption against the jurisdiction of that Court to hear and determine the matter in dispute, nor of an accounting and settlement that can be availed of by the executor as a bar to the claim asserted by the petitioners.

APPEAL from the Orphans' Court of Montgomery county:

The facts of this case are sufficiently stated in the opinion of this Court.

The cause was submitted to the Court, BARTOL, GOLDSBOROUGH, COCHRAN and WEISEL, J.

*John Brewer* and *George Peter*, for the appellants, and *Wm. V. Bowie* and *Robt. J. Brent*, for the appellees:

COCHRAN, J., delivered the opinion of this Court:

This case was commenced by a petition of the appellees, filed in the Orphans' Court for Montgomery county, against the appellant, as executor of Otho Magruder, which states that the appellant's testator had been administrator on the estate of one Zadoc Magruder, and as such, received and retained in his hands the sum of $600, as shown by an account passed in the Orphans' Court in 1848; that afterwards, in 1854, he received and retained a further sum of $235.95, with the interest then due thereon; that these sums had never been accounted for, nor distributed in his lifetime, nor since, by his executor, and that the petitioners, as sole heirs at law of Zadoc Magruder, are entitled to receive and have the same; and then prays an answer under oath; that the appellant may be compelled to pass an account of the estate of Zadoc, charging his testator with the above mentioned sums; and that the same may be paid to the petitioners, after deducting all proper allowances.

In our opinion, the case presented by this petition, is clearly within the purview of sec. 11, Art. 93, Code Public General Laws, which declares, that "the administrator of a deceased administrator, who shall die before an account of his administrator hath been rendered, shall render an account, showing the amount of assets received, and the payments made by his decedent," &c., and this provision is made to embrace the case of an executor of a deceased administrator by sec. 4, Art. 1. Assuming the case to be, as stated in the petition, the appellant is bound by these provisions of the Code, to pass the account called for by the appellees; and by secs. 230, 231, the Orphans' Court have full power to compel him to perform that duty. In such a case as this, the mere lapse of time raises no presumption against the jurisdiction of that Court to hear and determine the matter in dispute, nor of an accounting and settlement that can be availed of by the appellant as a bar to the claim asserted by the appellees. We think the order of the Court below, overruling the pleas of the appellant, and directing him to answer the petition under oath, was correct, and shall therefore affirm it, with costs to the appellees, and remand the cause.

*Order affirmed and cause remanded.*