State, use of Stockbridge, Adm'r *vs.* Smith and McDevitt.

(Decided 24th June, 1885.)

---

STATE OF MARYLAND, use of HENRY STOCKBRIDGE, Adm'r of JAMES O'NEILL *vs.* MICHAEL SMITH, and EDWARD McDEVITT.

*Liability of Bond of Administrator with Will annexed, when Will is declared void, to Subsequent administrator—Sec. 243 of Art. 93 of the Code—What new Administrator entitled to Recover in a Suit on the Bond of the Administrator with the Will annexed.*

Where letters of administration with the will annexed, are granted, and the will is afterwards, upon caveat, declared void, and a new administrator is appointed, the bond of the administrator with the will annexed is liable to the new administrator, under section 243 of Article 93 of the Code.

State, use of Stockbridge, Adm'r *vs.* Smith and McDevitt.

Upon an order of the Orphans' Court directing the new administrator to bring suit upon the bond of the administrator with the will annexed, such new administrator can recover all property or money which such administrator with the will annexed had in his hands belonging to the decedent, and not properly paid away in due course of administration, and also all money or property of the decedent which the removed administrator with the will annexed, had wasted or converted to his own use.

APPEAL form the Superior Court of Baltimore City.

The case is stated in the opinion of the Court.

*Exception.*—At the trial of the cause the plaintiff offered one prayer and the defendants six prayers, all of which the Court (PHELPS, J.) rejected, and of its own motion gave the instruction contained in the opinion of this Court. The prayer of the plaintiff was as follows:

If the jury find from the evidence that the said defendant, Michael Smith, while acting as administrator with the will annexed, of James O'Neill, deceased, received into his possession any moneys or funds belonging to the estate of said deceased, or collected rents from the leasehold estate of said deceased, which had come into his possession as such administrator, and that afterwards the letters of said Smith were revoked, and that the said supposed will was adjudged to be null and void, and that the said Henry Stockbridge was afterwards appointed administrator of said deceased; and thereafter upon proceedings had in the Orphans' Court of Baltimore City, said Smith was required to account and pay over to said Stockbridge, as administrator, the funds and moneys of said deceased, as provided in the order of the Orphans' Court of the 21st of November, 1874, which was offered in evidence, and did not comply with said order, and that afterwards the said Orphans' Court, by its order of the 12th of December, 1874, (offered in evidence,) ordered said Stockbridge, as

administrator, to bring suit upon the administration bond of said Smith, then the plaintiff is entitled to recover in this suit any balance of moneys or funds so received by said Smith in the course of his administration remaining in his hands, which were not expended by him in due course of his administration, and which were not paid over to said Stockbridge, as administrator, with interest thereon from the 1st of December, 1874; and provided further, that the jury find the execution of said administration bond by said defendants which has been offered in evidence; provided, moreover, that the jury are not at liberty in their finding to exceed the amount of the penalty of the bond sued on, viz., the sum of $3500.

The plaintiff excepted to the refusal of its prayer and to the instruction given by the Court, and the verdict and judgment being for the defendants, it took this appeal.

The cause was argued before ALVEY, C. J., STONE, MILLER, ROBINSON, RITCHIE, and BRYAN, J.

*William M. Merrick*, for the appellant.

The Court below, by its rejection of the plaintiff's prayer, and yet more explicitly by its own instruction to the jury, declared that in such a state of case there is no recourse to the defaulting administrator's bond, and therefore, practically, no redress whatever for aggrieved parties who have suffered by the colorable forms of law.

Besides the case of *Smith vs. Stockbridge*, 39 *Md.*, at pages 645–646, which seems to be conclusive of the present question, the appellant refers to *sections* 36, 37, 242, 243 and 320 *of Article* 93 *of the Code; Hanson and Wife vs. Worthington*, 12 *Md.*, 441; *Scott vs. Fox*, 14 *Md.*, 396; *Conner vs. Ogle*, 4 *Md. Ch. Dec.*, 425; *Davis vs. Bailey*, 40 *Georgia*, 183; *Williams vs. Kiernan*, 25 *Hun*, (or 32 *Sup. Court, N. Y.*,) 355, at 363; *Foster vs. Commonwealth*, 35 *Pa.*, 148, 150; *People vs. Falconer*, 2 *Sanford, N. Y.*, 81.

State, use of Stockbridge, Adm'r *vs.* Smith and McDevitt.

Upon the authority of all these it is submitted that the instruction of the Court below, which took the case entirely from the jury, was erroneous; that the remedy upon the bond is complete and indisputable; that there is no hardship in the law; and that to hold the contrary, through a mistaken sympathy with sureties, would make the power derived from the Orphans' Court, under a temporary and revocable administration, the most ample cloak under which fraud and dishonesty were ever sheltered.

*John Prentiss Poe,* for the appellees.

The bond sued on was expressly conditioned for the faithful performance by Smith, of the office of *administrator with the will annexed of James O'Neill;* and the sureties thereon cannot be held liable to the equitable plaintiff whose only right is as administrator of James O'Neill. The sureties agreed to become responsible for any default of Smith in not paying the debts of the deceased, and the costs of administration, or in failing to account to the legatee, Mary Smith; but they did not become responsible to a subsequently appointed administrator. The liability was predicated upon the express theory of a case of testacy, and not of a case of intestacy; and they have a right to stand upon the letter of their contract of suretyship, the more especially as the appellee, McDevitt, after the passage of the order of 13th February, 1866, and in reliance upon it, gave up the Savings' Bank book, the possession of which he had exacted as security for his protection against loss as surety. *Wehr vs. German E. L. St. M. Congregation,* 47 *Md.,* 190, and cases there cited; *Small vs. Commonwealth,* 8 *Barr,* 105; *Fulcher, &c. vs. Commonwealth,* 3 *J. J. Marsh.,* 592; *Barbour and Chapline vs. Robertson's Heirs,* 1 *Littell,* (*Kentucky,*) 94–96; *State of Ohio vs. Cutting,* 2 *Ohio,* 6; *Brandt on Suretyship, secs.* 500–502.

If Mr. Stockbridge, as administrator, ever had any right of action at all upon the bond, it was limited to the re-

State, use of Stockbridge, Adm'r vs. Smith and McDevitt.

covery of *unadministered* assets, and this as well by the orders of the 21st November, 1874, and 12th December, 1874, as by the established law of this State ; and inasmuch as it appears that the sums sought to be recovered had been "*administered*" by Smith long before the revocation of his letters, this action cannot be maintained. *Stewart & Duffy, Trustees vs. Firemen's Ins. Co.*, 53 *Md.*, 571–2 ; *Hagthorp vs. Hook*, 1 *G. & J.*, 270; *Beall vs. New Mexico*, 16 *Wall.*, 535 ; *United States vs. Walker*, 109 *U. S.*, 260–5 ; *Wilson, Adm'r vs. Arrick*, 112 *U. S.*, 86–7.

Only the parties beneficially entitled to the estate are competent to sue the bond for the recovery of assets consumed and wasted by the removed administrator, and not remaining in specie.

STONE, J., delivered the opinion of the Court.

This is an action on the bond of Michael Smith as administrator with the will annexed of James O'Neill.

Some time after the bond was given, upon a caveat the will of James O'Neill was declared void, and the letters to Smith were revoked. The Orphans' Court then granted letters to the appellant, Stockbridge, and Smith having failed and refused to render the account required of him by order of the Orphans' Court, and to pay over to the new administrator all the property remaining unadministered in his hands, the Orphans' Court ordered the new administrator to bring suit on the bond of Smith the administrator with the will annexed.

At the trial of the case below the Court refused all the prayers offered, both by plaintiff and defendants, and gave the following instruction :

"The Court instructs the jury that the true construction of the bond sued on is such, that its condition imports a contingent liability, strictly limited to the particular capacity therein expressed, of an administrator with a will annexed, which liability cannot be altered or

enlarged by implication to include or reach a capacity not therein mentioned, of an administrator of an intestate estate, and the defendants are therefore entitled to a verdict."

If the Judge below was right in this instruction, there is an end of the case, and we will first consider that instruction.

The condition of the bond sued on is as follows :

" The condition of the above obligation is such, that if the above bounden, Michael Smith, shall well and truly perform the office of administrator with the will annexed of James O'Neill, late of Baltimore City, deceased, *according to law*, and shall in *all respects* discharge the duties of him *required by law* as administrator with the will annexed aforesaid, without any injury or damage to any person interested in the faithful performance of the said office, then the above obligation shall be void, it is otherwise to be in full force and virtue in law."

By signing that bond Michael Smith and his sureties became bound to perform all and every thing that *the law* required Smith as administrator with the will annexed, to do, and our inquiry will be directed to ascertaining what *the law* does require an executor, or administrator with the will annexed to do, in case the will is decided to be void *after the grant* of letters and the giving of the bond.

By sec. 320 of Art. 93 of the Code, it is provided that if *after* letters testamentary are granted the Court shall decide *against* the probate of a will, the letters shall be revoked.

By sec. 243 of the same Article, it is provided that whenever the Orphans' Court shall revoke letters testamentary or of administration, and the party whose letters shall be revoked shall not within a reasonable time deliver over to the new administrator all the unadministered assets in his hands, the Court may direct suit on his bond.

These two sections contain the whole law applicable to this case, and declare in most unmistakable terms that it

shall be the *legal duty* of an executor (and an administrator with *the will annexed,* stands upon precisely the same footing) whenever the will is set aside *after he has* taken out letters and given bond, to deliver over to the new administrator all the unadministered property in his hands, and if he does not his bond is liable.

When therefore, Michael Smith and his securities signed that bond, they all covenanted that he should perform the *office* of administrator with the will annexed, *according to law,* and as the law made it a part of that office and duty to pay over to the new administrator, in case the will was set aside all unadministered assets, his failure to do so was a manifest breach of that condition, and the Court below was in error in holding otherwise.

The prayer offered by the plaintiff we think should have been granted.

Sec. 243 of Article 93 of the Code says that the removed executor or administrator shall deliver over to the new administrator "all the property of the deceased remaining in his hands unadministered, and also all the books, bonds, notes, and evidences of debt, or funds, and all title to property or stocks which belong to, or are due, or which may become due to the decedent, in his possession, and also pay over to such new administrator, or remaining executor or administrator of the decedent, all the money due to him as executor or administrator of the decedent."

This section is a codification of the Act of 1831, and is as comprehensive as language can well make it. The first part of it includes all property that remains in specie, all notes, bonds, or evidences of debt or money, and all title to property belonging to the decedent.

This part of the section would certainly include all money of the decedent which the removed executor had in his possession, and which he had not wasted or converted to his own use. But the section goes further and

provides that the removed executor shall pay over to the new administrator all the money due (from the removed executor), to him, (the new administrator), as administrator of the decedent.

Unless these latter words include the money wasted, or converted to his own use, by the removed executor, they are meaningless. Upon every principle of law and justice, the removed executor owes to his successor in office every cent of the money of his decedent which he had ever received, or was liable for, and which he had not paid away in due course of his administration. We think it is clearly the intention of this section to enable the new administrator to recover all that was *recoverable* by any one from the removed executor, and to distribute it according to law. That the intention of the Legislature, in so enacting, was to prevent the multiplicity of suits that would be necessary if each creditor or distributee of the decedent, was driven to a separate suit, on the bond of the removed executor, for his or her share of the wasted assets.

The case of *Hagthorp, et al. vs. Hook's Adm'rs*, 1 *G. & J.*, 270, and the cases in the Supreme Court pressed before us in argument were cases under the Act of 1798, and have no application to this case which depends entirely upon the Act of 1831.

But the case of *State, use of Dittman, Adm'r vs. Robinson and Campbell*, 57 *Md.*, 486, is an authority directly upon this point. In that case, the executor, who was tenant for life of certain money, was ordered to bring the money into Court for investment. Upon her failure to do so, her letters were revoked and a new administrator was appointed. The Court said :

"If the same was not invested, but remained in her hands, or had been misapplied or *squandered*, the new administrator properly clothed with authority to sue, could

recover from her and her securities, for the purpose of doing what the removed administrator had neglected to do.''

*Judgment reversed with costs, and*
*new trial awarded.*

