AUGUSTUS C. CROTHERS, Executor of Charles C. Crothers, Deceased,

*vs.*

EMERSON R. CROTHERS and OMAR D. CROTHERS, Executors of Austin L. Crothers, Deceased.

*Co-executors: deceased executor; unadministrated estate; petition for account; jurisdiction of Orphans' Court.*

Co-executors are regarded in law as one individual, and the acts of one in respect to the administration of the estate are deemed to be the act of all. p. 117

Possession by one executor is possession by all, and powers and duties of executors that remain unexecuted or unfulfilled pass to the survivor. p. 117

Where an executor rests inactive for years (15) and until his co-executor dies, before making any move towards the administration of the estate, he is not in a position to recommend himself to a Court as a party injured by his co-executor. p. 117

Where such an executor makes no allegation of waste committed or assets concealed by his co-executor, a petition filed by him in the Orphans' Court against the executor of the latter, requiring him to file a full itemized and detailed statement of the assets of the deceased executor, can not be treated as an application by one executor against his co-executor upon either of these grounds. p. 117

But where such a petitioner is not only a co-executor, but is also a legatee under the will, the Orphans' Court has jurisdiction to entertain the petition and to hear and determine exceptions that may be filed to the account. p. 119

When such a petitioner takes a position antagonistic to the deceased co-executor and denies all the payments claimed to have been made by the latter, he has no right to have all the vouchers of the deceased executor turned over to him.     p. 119

Such vouchers should be retained by the executor of the deceased executor for the protection of the estate, subject, however, to be produced before the Court at any hearing upon exceptions to the account rendered by them.     p. 119

While Orphans' Courts are courts of limited jurisdiction, yet, by the Code, Article 93, section 235, they are vested with power to direct the accounting of executors and administrators, superintend distribution of estates of intestates and administer justice in all matters relating to the affairs of deceased persons; the language of this section vests in them power to protect the interests of all concerned.     p. 119

*Decided June 25th, 1913.*

Appeal from the Orphans' Court of Cecil County.

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, STOCKBRIDGE and CONSTABLE, JJ.

*H. A. Warburton* (with whom was *W. T. Warburton* on the brief), for the appellant.

*W. S. Evans* (with whom was *James F. Evans* on the brief), for the appellees.

STOCKBRIDGE, J., delivered the opinion of the Court.

Charles C. Crothers died in 1897 in Cecil county leaving a last will, by which he named his brothers, Augustus C. Crothers, of Harford county, and Austin L. Crothers, of Cecil county, his executors. The will was admitted to probate and letters testamentary were issued by the Orphans'

Court for Cecil County, to the executors named, in November, 1897. No further proceedings appear to have been had in the Orphans' Court in connection with the estate until the year 1912, when a petition was filed by Augustus C. Crothers embodying the following allegations:

That no inventory of the estate had ever been returned by the executors and no account passed of their administration of the estate; that the active administration of the estate had been entirely confided by the petitioner to his co-executor, Austin L. Crothers, who died in 1912, testate, naming his nephews, Emerson R. Crothers and Omar D. Crothers as his executors, who had qualified as such; that Austin L. Crothers in his lifetime gave the petitioner little or no information concerning the estate of Charles C. Crothers. The petition then concludes with a prayer that the Court "pass an order commanding and directing the said Emerson R. Crothers and Omar D. Crothers, executors of Austin L. Crothers, deceased, to file in this Court a full, itemized and detailed statement of the assets belonging to said estate; the amount that has been distributed, and the amount or amounts still due and owing any of the devisees or legatees under the will of the late Charles C. Crothers, and also directing the executors of the said Austin L. Crothers, deceased, to pay over to this petitioner any and all sums of money remaining in the hands of their testator at the time of his death belonging to the estate of the said Charles C. Crothers, deceased, in order that your petitioner may be enabled to bring the same into this Court and distribute it under its order."

In response to this the executors of Austin L. Crothers did, in August, file an inventory and a full itemized account, which showed the estate of Charles C. Crothers overpaid to the amount of $1,874.05. Thereupon the petitioner, one of the original executors, filed exceptions *"to each and every item for payments and allowances,"* set forth in the account as rendered and excepted *"especially to the item of payment of legacy of this exceptant of thirty-five hundred dollars,*

less collateral inheritance tax, but avers and alleges that the same has not been paid, and the other items for which credit is claimed in said account no vouchers have been presented to this Court for same."

After these exceptions had been filed the executors of Austin L. Crothers filed an amended answer in which they set up a lack of jurisdiction in the Court to entertain the petition, and apparently the Orphans' Court adopted that view, as it dismissed the petition.

It must not be lost sight of that the deceased, Austin L. Crothers and the petitioner occupied the relation to this estate of co-executors, and that "co-executors are regarded in law as an individual person, and by consequence the acts of any one of them in respect to the administration of the effects are deemed to be the acts of all; for they have joint and entire authority over the whole property,"*Watkins* v. *Shaw,* 2 G. & J. 220, and the possession of one executor is the possession of all, *Montgomery* v. *Black,* 4 H. & McH. 391, and whatever powers and duties existed in the executors and remained unexecuted or unfulfilled passed to the survivor, Code (1912), Article 93, section 296. When, therefore, an executor rests inactive for a period of fifteen years and until his co-executor has died, before making any move, so far as the record discloses, to expedite the administration of an estate for which he was equally responsib.e with his co-executor, he is not in a position to commend himself especially to a Court as an injured party. He makes no allegation of waste committed or assets concealed by his co-executor, and for that reason the petition filed by him cannot be treated as an application by one executor against his co-executor upon either of these grounds.

Because of the fact that in law two or more executors of a deceased individual are regarded as one person, and upon the death of any, the survivors or survivor succeeds to all powers and duties theretofore exercised by a.l of the executors to whom letters were granted, there are no express provisions

in the Code relating exclusively to the rights of one executor
against the personal representatives of his deceased co-execu-
tor.   The appellant contends, however, that under the rules
of construction the terms executor and administrator are vir-
tually interchangeable, and that inasmuch as by section 72
of Article 93, Code (1912), it is made the duty of an ad-
ministrator to deliver over to the administrator d. b. n. of
the original decedent all assets of such decedent remaining
unadministered in the hands of the deceased administrator,
and by section 73 of the same article the administrator of a
deceased administrator may be compelled to return under
oath a list of the notes, bonds, accounts and money remain-
ing unadministered, and by section 11 it is made the further
duty of the administrator of a deceased administrator to
render an account of the administration of such deceased
administrator, the same right exists in favor of a surviving
executor as against the executors of his deceased co-executor.
The cases are far from being parallel for reasons already
indicated, yet much support for the contention can be found
in *Baker* v. *Bowie,* 74 Md. 467.

The question raised by this appeal is one of jurisdiction.
The prayer of the petition was that the executors of Austin
L. Crothers should file in the Orphans' Court for Cecil
County a "full itemized and detailed statement of the assets
belonging to said estate, the amount that has been distributed
and the amount or amounts still due and owing to any of the
devisees or legatees," and "pay over to the petitioner any and
all sums of money remaining in the hands of their testator."
If the appellees had desired to raise the question of the juris-
diction of the Orphans' Court to entertain such a petition,
then was the time to have done so.   But instead of doing so,
by the filing of an inventory and rendering of an account
they waived any question of jurisdiction.   That was first
attempted to be set up after exceptions had been filed to the
account rendered, and without seeking to withdraw the
inventory and account previously filed, and which were on

their face a full and complete compliance with the petitioner's demand. Moreover, while Orphans' Courts are Courts of limited jurisdiction they are invested with the powers to direct the accounting of executors and administrators, superintend the distribution of estates of intestates and administer justice in all matters relating to the affairs of deceased persons, Code (1912), Article 93, section 235, and this language was held to vest in Orphans' Courts powers adequate to protect the interest of those concerned in the faithful performance of the duties of an administrator. *Lee* v. *Price,* 12 Md. 256; *Muncaster* v. *Muncaster,* 23 Md. 288; *Cummings* v. *Robinson,* 95 Md. 87. In the present case the petitioner was not only an executor, but a legatee as well, and under the consistent interpretation given to the statute, it must be held that the Orphans' Court had ample jurisdiction to entertain the petition and to hear and determine the exceptions filed to the account. This must not be interpreted as meaning that the petitioner had the right to have turned over to him the vouchers for the payments made by Austin L. Crothers. In many, in fact in most instances, such would be the proper course, but in this case the petitioner has taken a position antagonistic to his deceased co-executor, denying each and all of the payments claimed to have been made by him. Under such circumstances the executors of the estate of the deceased executor are entitled to have and retain the vouchers for payments actually made, as a matter of protection to their estate, subject to the right of having them produced in the Orphans' Court at any hearing upon the exceptions to the account rendered by them.

For the reasons indicated the order of the Orphans' Court for Cecil County must be reversed and the cause remanded for further proceedings.

> *Order reversed and cause remanded for further proceedings, with costs to the appellant.*