## NOBLE L. MITCHELL

*vs.*

## J. LAWRENCE McCORMICK, Admr.

*Letters of Administration—Conflicting Appointments—Implied Resignation.*

Until the death, resignation, or removal of an administrator previously appointed, the orphans' court has no power to make another appointment. p. 330

That one appointed administrator subsequently carried to another a renunciation by his wife, decedent's sister, of her right to administer, in favor of such other, did not show an intention on his part to resign the office, he having carried the paper to such other at the request of the latter, who had never known of the previous appointment, and the administrator himself and the orphans' court having overlooked the fact of such appointment. p. 331

The orphans' court had power to revoke letters of administration granted by it in the mistaken belief that no letters had previously been granted by it on that estate, courts having an inherent right to correct their mistakes in such a case, and it being a court's duty to do so. p. 332

*Decided April 26th, 1923.*

Appeal from the Orphans' Court of Harford County.

Petition by Lawrence McCormick, administrator of the estate of Douglas B. Gilbert, deceased, asking the revocation of letters of administration on said estate granted to Noble L. Mitchell. From an order revoking said letters, said Mitchell appeals. Affirmed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, URNER, STOCKBRIDGE, and OFFUTT, JJ.

*Philip H. Close,* for the appellant.

*John S. Young,* with whom was *E. H. Webster* on the brief, for the appellee.

OFFUTT, J., delivered the opinion of the Court.

J. Lawrence McCormick was on September 20th, 1918, by the Orphans' Court of Harford County appointed administrator of the estate of Douglas B. Gilbert, and in due course qualified and entered upon the duties of that office and administered and accounted for the then existing assets of the estate.

On August 22nd, 1922, letters on the same estate were granted to Noble L. Mitchell, who also qualified, and undertook to administer the estate. On October 2nd, 1922, McCormick, the first administrator, filed in the Orphans' Court of Harford County a petition for the revocation of the letters to Mitchell on the ground that until the letters first granted had been revoked no other administrator could be appointed. The respondent answered and after a hearing that petition was, on October 4th, 1922, dismissed. The case was, however, at the request of the petitioner, reheard, and upon that hearing the court on October 24th, 1922, reversed its former action and revoked the letters to the appellant and from that order this appeal was taken.

The facts of the case are these: A. Preston Gilbert of Harford County died a number of years ago leaving to survive him a wife and four children, Douglas B. Gilbert, Harriet M. Gilbert, Preston Gilbert and Mrs. Martha G. McCormick. By his last will, which was probated in Harford County, he left his estate to his wife for life with the remainder over to their children equally. Prior to September 20th, 1918, Douglas B. Gilbert died, and letters of administration were, as stated above, granted to McCormick on his estate on that date. On June 16th, 1922, Mrs. Gilbert, the life tenant, died, and upon her death Noble L. Mitchell, who acted as trustee of the estate of A. Preston Gilbert, informed Mr. McCormick, that it would be necessary to administer upon the estate of Douglas B. Gilbert and gave him a blank form of renunciation to be executed by Mrs. McCormick, his wife, who was also the sister of the decedent. McCormick took the paper

to his wife who signed it and returned it by him to Mr. Mitchell. At the time Mr. and Mrs. McCormick had both overlooked the fact that McCormick had been appointed over three years before administrator of the estate of Douglas Gilbert and, never having resigned, still held the office, and Mitchell does not appear to have known of it at all when letters were granted to him. Nor when the letters were granted to the appellant was the fact that letters had already been granted to McCormick, which had never been revoked, brought to the court's attention, and it was only when the notice to creditors given by the appellant appeared that Mc-Cormick recalled that he had been appointed administrator of the estate of Douglas B. Gilbert. So that when the letters were granted to Mitchell, neither he, the court, or McCormick recalled the earlier grant of letters.

The first question presented by the appeal is whether the Orphans' Court of Harford County had the power to grant letters of administration to the appellant before the death, resignation or removal of the administrator theretofore appointed. Clearly the court had no such power. In 1 *Woerner on the American Law of Administration,* sec. 179, it is said: "Since there can be but one valid administration in the same state of the same succession at the same time, the appointment of an administrator *de bonis non* before the death, removal or resignation of the executor or original administrator is obviously a nullity; and this applies with the same force to the case of several joint executors or administrators so long as one of them remains in office, because the grant of administration is an entirety, and the authority survives to the last one." And in 24 *C. J.* 1142, the same principle is thus stated: "The appointment of an administrator *de bonis non* is proper where the original executor or administrator has died, become insane, disappeared, become bankrupt and absconded, resigned, or been removed, or where the original letters have ben revoked; and where the marriage of an executrix or an administratrix extinguishes her authority an

appointment *de bonis non* is proper. But in order to warrant such appointment, it is absolutely essential that the previous incumbency should have actually ended, and if there is no vacancy, the appointment is void for lack of jurisdiction."

The next question is whether J. Lawrence McCormick, the original administrator had resigned his office at the time letters were granted to the appellant, and this question too is free from any real difficulty. There was no express revocation of the letters granted to him, nor did he formally or expressly resign the office, but it is contended that his resignation should be implied from his acts and conduct, and the fact relied upon to support that inference is that McCormick himself carried to Mitchell a paper in which Mrs. McCormick renounced her right to administer on her brother's estate and nominated Mitchell as administrator. But that act is patently insufficient to support the inference that he intended to resign, when it is proved without contradiction that when he carried that paper to the appellant he did so at the appellant's request, and he, McCormick, was not then aware that he was at that time the administrator of the estate, Mitchell never had known of the fact, and the Orphans' Court overlooked it. It cannot be inferred that McCormick intended to resign a position which he had forgotten he held in favor of Mitchell who did not know that he had ever held it, and to a court which recalled nothing of it. And as it is undisputed that such are the facts of the case, McCormick's acts were not in our opinion equivalent to a resignation, because they negative what is the most essential element of such an act, an intention to resign.

The next question is, whether the Orphans' Court had the power to pass the order revoking the letters to the appellant, and if it had, whether the petition invoking that action was filed in time.

In its order the court says that it granted the letters to the appellant "under a misapprehension of the fact that letters had theretofore been granted on the estate of said deceased to

J. Lawrence McCormick," and that it did act under such a "misapprehension" is conclusively shown by the record, and from what has been said, its action in granting the letters to the appellant was void, and a nullity. Its action therefore in revoking those letters was but the correction of a mistake into which it had been led by its failure to recall certain existing and controlling facts, which precluded the grant of letters to the appellant. That courts have an inherent right to correct their own mistakes in such a case cannot be questioned. In *Northwestern Fuel Co.* v. *Brock,* 139 U. S. 216, it is said:

"But here the jurisdiction exercised by the court below was only to correct by its own order, that which, according to the judgment of its appellate court, it had no authority to do in the first instance; and the power is inherent in every court, whilst the subject of controversy is in its custody, and the parties are before it, to undo what it had no authority to do originally, and in which it, therefore, acted erroneously, and to restore, as far as possible, the parties to their former position. Jurisdiction to correct what had been wrongfully done must remain with the court so long as the parties and the case are properly before it, either in the first instance or when remanded to it by an appellate tribunal."

And as in this case the grant of letters to the appellant was an inadvertent act done under the mistaken belief that no letters of administration had theretofore been granted on the estate, it follows that the court when it learned of its error had the right and the power to correct it. And since the court was without jurisdiction to grant the letters to the appellant, its act was void and a nullity and it was not only empowered but it was its duty to have revoked them whenever its attention was directed to the actual facts. *Lee* v. *Carrollton Sav. and Loan Assn.,* 58 Md. 304.

From what has been said it follows that the order appealed from must be affirmed.

*Order affirmed, with costs to the appellee.*